J-A26005-16

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

| | |
|---|---|
| IN RE: MARK A. PLUBELL | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| APPEAL OF: MARK A. PLUBELL | No. 157 WDA 2016 |

Appeal from the Order January 11, 2016
In the Court of Common Pleas of Clearfield County
Civil Division at No(s): 2015-19-MD

BEFORE: BENDER, P.J.E., RANSOM, J., and MUSMANNO, J.:

JUDGMENT ORDER BY BENDER, P.J.E.:          **FILED OCTOBER 24, 2016**

Appellant, Mark A. Plubell, appeals from the January 11, 2016 order that dismissed his "Petition for Removal of Disability to Possess Firearms." After review, we vacate that order and remand for further proceedings.

Briefly, in 1996, Appellant was involuntarily committed under 50 P.S. § 7302 of the Mental Health Procedures Act. Consequently, he is precluded from possessing a firearm under 18 Pa.C.S. § 6105(c)(4). On August 18, 2015, Appellant filed a "Petition for Removal of Disability to Possess Firearms," arguing, *inter alia*, that the court must expunge his involuntary commitment record because the evidence was insufficient to support that commitment. **See** 18 Pa.C.S. § 6111.1(g)(2) ("A person who is involuntarily committed pursuant to section 302 of the Mental Health Procedures Act may petition the court to review the sufficiency of the evidence upon which the

involuntary commitment was based.").[1]  After a hearing, the court issued an order denying Appellant's petition.  This timely appeal followed.

Herein, Appellant reiterates his claim that the evidence was insufficient to support his involuntary commitment. *See* Appellant's Brief at 6-9.  The Commonwealth, as the appellee, concedes that the evidence was inadequate to support Appellant's commitment.  *See* Commonwealth's Brief at 6-9.  In sum, both parties maintain that there was no evidence to demonstrate that Appellant threatened to commit suicide, or that he acted in furtherance of a threat to commit suicide, so as to support his involuntary commitment.  After reviewing the record, we agree with Appellant and the Commonwealth.  Accordingly, we vacate the court's order and remand for the court to enter an order expunging Appellant's 7302 involuntary commitment from his record.

Order vacated.  Case remanded for further proceedings. Jurisdiction relinquished.

---

[1] This statute was recently declared unconstitutional in *Leach v. Commonwealth*, 141 A.3d 426 (Pa. June 20, 2016) (holding that 18 Pa.S. 6111.1 violates the 'single subject rule' of Article III, Section 3 of the Pennsylvania Constitution).  However, section 6111.1 was in effect when Appellant filed his petition for review of the sufficiency of the evidence to sustain his involuntary commitment.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 10/24/2016